Milton Grunwald (MG-0009)
Grunwald & Seman, PC
Attorneys for the Defendants
Hillside Auto Mall, Inc., Santander Consumer Funding 3, LLC
And Santander Consumer USA
T: 516-248-8889
E: mg@gslawyers.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ANGELO SPARACELLO,                              Docket No.: 14-CV-1450 (DLI/SMG)
VINCENZA INGRAO
          Plaintiffs,                              **ANSWER TO THE COMPLAINT,**
                                                   **AFFIRMATIVE DEFENSES**
    v.

HILLSIDE AUTO MALL, INC.                        **(PURSUANT TO FRCP 38(B) THE**
SANTANDER CONSUMER FUNDING 3, LLC               **ANSWERING DEFENDANTS**
SANTANDER CONSUMER, USA,                        **DEMAND A TRIAL BY JURY)**

          Defendants
-------------------------------------------------------X

      The Answering Defendants, HILLSIDE AUTO MALL, INC., CONSUMER FUNDING 3, LLC and SANTANDER CONSUMER USA by and through its attorneys, GRUNWALD & SEMAN, P.C., as and for its Answer to the Plaintiff's Complaint, respectfully alleges as follows:

*AS TO JURISDICTION AND VENUE*

1.    Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "1"of the Plaintiff's Complaint and refer questions of fact and law are respectfully referred to this Honorable Court for determination.

2. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "2" of the Plaintiff's Complaint and refer questions of fact and law are respectfully referred to this Honorable Court for determination.

3. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "3" of the Plaintiff's Complaint

## *STATEMENT OF FACTS*

4. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "7" of the Plaintiff's Complaint.

5. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "8" of the Plaintiff's Complaint.

6. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "9" of the Plaintiff's Complaint.

7. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "10" of the Plaintiff's Complaint.

8. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "11"of the Plaintiff's Complaint.

9. Denies each and every allegation contained in paragraphs numbered "12" of the Plaintiff's Complaint.

10. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "13"of the Plaintiff's Complaint.

11. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "14"of the Plaintiff's Complaint.

12. Denies each and every allegation contained in paragraphs numbered "15" of the Plaintiff's Complaint.

13. Denies each and every allegation contained in paragraphs numbered "16" except admits $ 3,000,00 trade in would be given toward the purchase price as alleged in the Plaintiff's Complaint

14. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "17"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court.

15. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "18" of the Plaintiff's Complaint.

16. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "19" of the Plaintiff's Complaint.

17. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "20" of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

18. Denies each and every allegation contained in paragraphs numbered "21" of the Plaintiff's Complaint.

19. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "22" of the Plaintiff's Complaint.

20. Denies each and every allegation contained in paragraphs numbered "23" of the Plaintiff's Complaint

21. Denies each and every allegation contained in paragraphs numbered "24" of the Plaintiff's Complaint

22. Denies each and every allegation contained in paragraphs numbered "26" of the Plaintiff's Complaint

23. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "27"except admits a contract was signed as alleged in the Plaintiff's Complaint.

24. Denies each and every allegation contained in Paragraphs numbered "28" of the Plaintiff's Complaint

25. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "29"of the Plaintiff's Complaint.

26. Denies Knowledge of Information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraphs numbered "30" of the Plaintiff's Complaint

27. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "31"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court.

28. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "32"of the Plaintiff's Complaint.

29. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "33"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court.

30. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "34"of the Plaintiff's Complaint.

31. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "35"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

32. Denies each and every allegation contained in paragraphs numbered "36" of the Plaintiff's Complaint.

33. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "37"of the Plaintiff's Complaint.

34. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "38"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court.

35. Denies each and every allegation contained in paragraphs numbered "39" of the Plaintiff's Complaint

36. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "40"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

37. Denies each and every allegation contained in paragraphs numbered "41" of the Plaintiff's Complaint

38. Denies each and every allegation contained in paragraphs numbered "42" of the Plaintiff's Complaint.

39. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "43"of the Plaintiff's Complaint.

40. Denies each and every allegation contained in paragraphs numbered "44" of the Plaintiff's Complaint.

## AS TO COUNT I
## TRUTH IN LENDING ACT and REGULATIONS Z

41. Repeats, reiterates and realleges each and every response to Paragraphs numbered "1" through "44", inclusive, of the Plaintiff's Complaint, with the same force and effect as though fully set forth herein, in response to Paragraph numbered "45" fo the Plaintiff's Complaint.

42. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "46"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

43. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "47"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

44. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "48"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

45. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "49" of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

46. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "50" of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

47. Denies each and every allegations set forth in Paragraph numbered "52" of the Plaintiff's Complaint.

48. Denies each and every allegations set forth in Paragraph numbered "53" of the Plaintiff's Complaint.

49. Denies each and every allegations set forth in Paragraph numbered "54" of the Plaintiff's Complaint.

50. Denies each and every allegations set forth in Paragraph numbered "55" of the Plaintiff's Complaint.

51. Denies each and every allegations set forth in Paragraph numbered "56" of the Plaintiff's Complaint.

52. Denies each and every allegations set forth in Paragraph numbered "57" of the Plaintiff's Complaint.

53. Denies each and every allegations set forth in Paragraph numbered "58" of the Plaintiff's Complaint.

## AS TO COUNT 2
## VIOLATIONS OF EQUAL CREDIT OPPORTUNITY ACT

54. Repeats, reiterates and realleges each and every response to Paragraphs numbered "1" through "58", inclusive, of the Plaintiff's Complaint, with the same force and effect as though fully set forth herein, in response to Paragraph numbered "59" fo the Plaintiff's Complaint.

55. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "60"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

56. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "61"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

57. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "62"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

58. Denies each and every allegations set forth in Paragraph numbered "63"of the Plaintiff's Complaint

59. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "64"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

60. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "65"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

61. Denies each and every allegations set forth in Paragraph numbered "66"of the Plaintiff's Complaint .and respectfully refers questions of fact and law to this Honorable Court

62. Denies each and every allegations set forth in Paragraph numbered "67"of the Plaintiff's Complaint .and respectfully refers questions of fact and law to this Honorable Court

63. Denies each and every allegations set forth in Paragraph numbered "68"of the Plaintiff's Complaint

64. Denies each and every allegations set forth in Paragraph numbered "69"of the Plaintiff's Complaint

## AS TO COUNT III
## FRAUD

65 Repeats, reiterates and realleges each and every response to Paragraphs numbered "1" through "69", inclusive, of the Plaintiff's Complaint, with the same force and effect as though fully set forth herein, in response to Paragraph numbered "70" fo the Plaintiff's Complaint.

66. Denies each and every allegations set forth in Paragraph numbered "71"of the Plaintiff's Complaint

67. Denies each and every allegations set forth in Paragraph numbered "72" of the Plaintiff's Complaint but admits the Plaintiffs are due a credit toward their purchase price in the amount of $ 3,000.00 and have offered said funds to the Plaintiff which their legal counsel has rejected.

68. Denies each and every allegations set forth in Paragraph numbered "73" of the Plaintiff's Complaint

69. Denies each and every allegations set forth in Paragraph numbered "74" of the Plaintiff's Complaint

70. Denies each and every allegations set forth in Paragraph numbered "75" of the Plaintiff's Complaint

## AS TO COUNT IV
## FRAUD

71. Repeats, reiterates and realleges each and every response to Paragraphs numbered "1" through "75", inclusive, of the Plaintiff's Complaint, with the same force and effect as though fully set forth herein, in response to Paragraph numbered "76" fo the Plaintiff's Complaint.

72. Denies each and every allegations set forth in Paragraph numbered "77" of the Plaintiff's Complaint

73. Denies each and every allegations set forth in Paragraph numbered "78" of the Plaintiff's Complaint

74. Denies each and every allegations set forth in Paragraph numbered "79" of the Plaintiff's Complaint

## AS TO COUNT V
## NEGLIGENCE & GROSS NEGLIGENCE
## INCLUDING NEGLIGENT MISREPRESENTATION

75. Repeats, reiterates and realleges each and every response to Paragraphs numbered "1" through "79", inclusive, of the Plaintiff's Complaint, with the same force and effect as though fully set forth herein, in response to Paragraph numbered "80" fo the Plaintiff's Complaint.

76 Denies each and every allegations set forth in Paragraph numbered "81"of the Plaintiff's Complaint

77. Denies each and every allegations set forth  Paragraph numbered "82"of the Plaintiff's Complaint.

## AS TO COUNT VI
## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349

78. Repeats, reiterates and realleges each and every response to Paragraphs numbered "1" through "82", inclusive, of the Plaintiff's Complaint, with the same force and effect as though fully set forth herein, in response to Paragraph numbered "83" of the Plaintiff's Complaint.

79. Denies each and every allegations set forth in Paragraph numbered "84"of the Plaintiff's Complaint

80. Denies each and every allegations set forth in Paragraph numbered "85"of the Plaintiff's Complaint

81. Denies each and every allegations set forth in Paragraph numbered "86"of the Plaintiff's Complaint

82. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "87"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

83. Denies each and every allegations set forth in Paragraph numbered "88"of the Plaintiff's Complaint

84. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "89"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

85. Denies each and every allegations set forth in Paragraph numbered "90"of the Plaintiff's Complaint

## AS TO COUNT VII
## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349
### (Unlawful False Advertising)

86. Repeats, reiterates and realleges each and every response to Paragraphs numbered "1" through "90", inclusive, of the Plaintiff's Complaint, with the same force and effect as though fully set forth herein, in response to Paragraph numbered "91" of the Plaintiff's Complaint.

87. Denies each and every allegations set forth in Paragraph numbered "92"of the Plaintiff's Complaint

88. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "93"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

89. Denies each and every allegations set forth in Paragraph numbered "94"of the Plaintiff's Complaint

90. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "95"of the Plaintiff's Complaint and respectfully refers questions of fact and law to this Honorable Court

91  Denies each and every allegations set forth in Paragraph numbered "96"of the Plaintiff's Complaint

92. Denies each and every allegations set forth in Paragraph numbered "97"of the Plaintiff's Complaint

93. Denies each and every allegations set forth in Paragraph numbered "98"of the Plaintiff's Complaint

### COUNT VIII
### ADDITIONAL CIVIL PENALTIES UNDER NEW YORK
### GENERAL BUSINESS LAW §349-C
(Consumer Frauds against Elderly Persons

94. Denies Knowledge of Information sufficient for form a belief as to the truth or accuracy of the allegations set forth as alleged in Paragraph numbered "99"of the Plaintiff's Complaint and respectfully refers questions of law and fact to this Honorable Court.

### AS AND FOR A FIRST SEPARATE
### AFFIRMATIVE AND COMPLETE DEFENSE

95. Plaintiff fails to state causes of action for which relief may be granted against the Answering Defendants.

### AS AND FOR A SECOND SEPARATE
### AFFIRMATIVE AND COMPLETE DEFENSE

96. Plaintiff has failed to plead their causes of action including Fraud with particularity as Against the Answering Defendants.

### AS AND FOR A THIRD SEPARATE
### AFFIRMATIVE AND COMPLETE DEFENSE

97. That pursuant to 15 USC 1641(a), the Plaintiff's claim alleging violations of he Truth-in Lending Act, 15 USC §§1601 et seq. (TILA), cannot be brought against the Answering Defendant because there are no apparent violations on the face of the TILA disclosure statements provided to the Plaintiff.

### AS AND FOR A FOURTH SEPARATE
### AFFIRMATIVE AND COMPLETE DEFENSE

98. If any damages were sustained by the Plaintiff, which damages are expressly denied, then all such damages will have been caused and brought about by the affirmative, active,

willful, reckless, negligent, wrongdoing of the Plaintiff, or its agents, without similar acts on the Part of the Answering Defendants.

## AS AND FOR A FIFTH SEPARATE AFFIRMATIVE AND COMPLETE DEFENSE

99. That the Answering Defendants, their officers, agents, servants, and/or employees at all times mentioned in the Complaint, acted without malice, without intent to cause harm or injury, in good faith and with probable cause and justification and without such action having exceeded that which was required under the circumstances.

## AS AND FOR A SIXTH SEPARATE AFFIRMATIVE AND COMPLETE DEFENSE

100 Any damages suffered by the Plaintiff were caused, in whole or in part, by its own negligence and/or lack of due diligence, misconduct and breach of express and implied contractual and statutory obligations, and any recovery must be diminished in proportion to that part of its damages so attributable to their culpable conduct.

## AS AND FOR A SEVENTH SEPARATE AFFIRMATIVE AND COMPLETE DEFENSE

101. That the Plaintiff does not allege the Documents signed were false, but only that it was mislead by the Defendants, the Answering Defendant cannot be held liable if there are no misrepresentations "apparent on its face" of the loan documents.

## AS AND FOR A EIGHTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

102.   The Plaintiffs failed to exercise, as mandated by law, good faith in its relationship with the Answering Defendants; thus should be barred from seeking any relief herein.

## AS AND FOR A NINTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

103.   The Plaintiff seeks to be unjustly enriched.

## AS AND FOR A TENTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

104.   The Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds

## AS AND FOR A ELEVENTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

105.   The Plaintiff's claim is barred by virtue of his own bad faith and the doctrines of waiver, estoppel, laches, consent, ratification and acquiescence

## AS AND FOR A TWELFTH SEPARATE
## AFFIRMATIVE AND COMPLETE DEFENSE

106   The Answer Defendants, SANTANDER CONSUMER FUNDING 3, LLC and SANTANDER CONSUMER USA are holders in due course and bear no liability for the actions alleged in this complaint.

***WHEREFORE***, the Answering Defendants:

[a]  Deny the Allegations set forth in the Complaint; and

[b]  Deny the Plaintiffs are entitled to Judgment against the Answering Defendants on any of its causes of action; and

[c]  Deny the Plaintiff is entitled to any relief sought in the Complaint against the Answering Defendants; and

[d]  Demand Judgment dismissing the Complaint and an award of costs and disbursements of this action against adverse parties; and,

[e]  and for such other and further relief as this Court deems just and proper.


Dated:   April 21, 2014
         Garden City, New York


                              Respectfully submitted,

                              GRUNWALD & SEMAN, P.C.
                              *Attorneys for the Defendants,*
                              HILLSIDE AUTO MALL, INC.
                              SANTANDER CONSUMER FUNDING 3,LLC
                              SANTANDER CONSUMER USA,

                              /S/_____
                              by Milton Grunwald, Esq.   (MG-0009)
                              100 Garden City Plaza; Suite 203
                              Garden City, New York 11530
                              Telephone:  516-248-8889
                              mg@gslawyers.com

To:  Ahmad Keshavarz
 Attorney for the Plaintiff
 THE LAW OFFICES OF AHMAD KESHAVARZ
 16 Court Street, 26th Floor
 Brooklyn, NY 11241-1026
 Telephone: 718-522-7900
 ahmad@NewYorkConsumerAttorney.com